MACON RAILWAY & LIGHT CO. *v.* PALACE AMUSEMENT CO.

BECK, J. The Palace Amusement Company operated a moving-picture theatre in the City of Macon. On May 21, 1912, it contracted with the Macon Railway and Light Company for electric current for operating its motion-picture machine and for lighting the theatre. The contract was for the entire electric service for a period of five years from the date of the contract. On May 29, 1913, the Amusement Company made a new contract for electric current with the Georgia Public Service Corporation, and on May 30 notified the Macon Railway & Light Company to discontinue service under its contract on and after June 1, 1913. On June 2 the wires of the Macon Railway and Light Company were disconnected from its place of business, and the wires of the Georgia Public Service Corporation were connected and current supplied by that company. On June 6, four days after the Georgia Public Service Corporation began furnishing current, a petition for injunction was filed, and a restraining order was granted. This order restrained the Amuse-

ment Company "from doing any of the acts complained of in the petition, alleged to be in violation of the contract, and especially from using electric service from any other source than from said petitioners." The Amusement Company filed its petition, setting up the facts as hereinbefore recited, and praying that the restraining order might be modified so as to permit it to continue to use the current of the Georgia Public Service Corporation pending the hearing. Upon this petition an order was passed requiring that the restraining order be modified "so as not to interfere with or modify the status as the same existed at the time the order was served." This modification had the effect of allowing defendant to discontinue the service of the plaintiff company and the connection of its wires, and of permitting the Amusement Company to use the current of electricity furnished by the Georgia Public Service Corporation; which was in effect refusing the injunction. *Held*, that, while there is no proof showing any failure upon plaintiff's part to comply with its contract, the court did not err in refusing the injunction. Under the facts of this case, suit for damages would afford an adequate remedy for a breach of the contract on the part of the defendant.

*Judgment affirmed. All the Justices concur.*

SEPTEMBER 22, 1914.

Petition for injunction. Before Judge Mathews. Bibb superior court. June 23, 1913.

*Ellis & Jordan* and *C. A. Glawson,* for plaintiff.
*Hardeman, Jones, Park & Johnston,* for defendant.